UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON VER VALEN,<br><br>                        Plaintiff,<br><br>     v.<br><br>HELEN DONNATACCI,<br><br>                        Defendants. | No. C11-5058 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Under separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. Before the court for review is Plaintiff's civil rights complaint. ECF No. 5. After careful review, the court declines to serve the complaint because it is deficient.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. However, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Henderson*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Henderson v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

ORDER TO AMEND OR SHOW CAUSE- 2

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.    In his complaint, Plaintiff purports to sue Helen Donnatacci, the H Unit Counselor, because she allegedly changed a date on the witness statement of Correction Officer Amsdill.  ECF No. 5, p. 3.  Plaintiff alleges that he received the witness statement on November 24, 2010 "for his infraction" and that Ms. Donnatacci "clearly" falsified a state document and that she has a "history of falsifying documents, and trying her best to upset an inmate."  *Id.*  Plaintiff requests that the matter be investigated, that Ms. Donnatacci be suspended and terminated from her employment as soon as possible.  *Id.*, p. 4.  He also seeks $100,000.00 for "pain and suffering."  *Id.*

Plaintiff has not identified which of his federal constitutional rights were violated or how he has been harmed by Ms. Donnatacci's conduct.  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege in specific terms how the defendant was involved in the deprivation of his constitutional rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).  Vague and conclusory allegations of official participation in civil rights violations will not suffice.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).  Plaintiff must set forth factual allegations and allege with specificity when, by whom, and how the alleged deprivation of his constitutional rights occurred.

Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic*

ORDER TO AMEND OR SHOW CAUSE- 3

*Corp. v. Twombly*, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic*, 127 S. Ct. at 1965.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed.2d 561 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Due to the deficiencies described above, the court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **March 4, 2011.**

An amended complaint must set forth all of Plaintiff's factual claims, causes of action, claims for relief, and any exhibits.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 4

     (1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

     (2)    the dates on which the conduct of each Defendant allegedly took place; and

     (3)    the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

ORDER TO AMEND OR SHOW CAUSE- 5

The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

Accordingly, it is **ORDERED:**

(1) If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **March 4, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

(2) **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.

DATED this  7th  day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6