UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON JAY VER VALEN,

                              Plaintiff,

        v.

HELEN DONATACCI,

                              Defendant.

No. C11-5058 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: August 19, 2011**

        Presently before the Court is Defendant Helen Donatacci's motion to dismiss this action

pursuant to Fed. R. Civ. P. 12(b) (6).  ECF No. 12.  Defendant contends that dismissal is proper

because Plaintiff failed to exhaust administrative remedies and failed to state a claim upon which

relief can be granted.  *Id.*   Defendant also requests a stay of discovery pending resolution of this

motion.  That motion is granted under separate Order.  In response to the motion, Plaintiff filed a

"Proof Issue" offering to consider transfer to the Oregon Department of Corrections.  ECF No.

13.  Attached to Plaintiff's filing is a copy of his Level III appeal of a grievance related to his

claims, which he filed after bringing this case.  *Id.*, p. 2.

        Having carefully reviewed Defendants' motion and supporting affidavit, Plaintiff's

opposition (ECF No. 25), and balance of the record, the Court concludes that the motion to

dismiss should be granted because Plaintiff failed to exhaust administrative remedies.

REPORT AND RECOMMENDATION - 1

**FACTS**

Plaintiff, Jason Jay Ver Valen is an inmate incarcerated in the Washington Department of Corrections (DOC). He is currently housed at the Clallam Bay Corrections Center (CBCC). ECF No. 8, p. 2. On January 20, 2011, Plaintiff filed a motion for leave to proceed *in forma pauperis* and a civil rights complaint against Defendant Donatacci. ECF No. 1. The Court granted the application to proceed *in forma pauperis* (ECF No. 4) and ordered Plaintiff to amend or show cause why the complaint should not be dismissed for failure to state a claim. ECF Nos. 4 and 7. Plaintiff filed an amended complaint on March 1, 2011. ECF No. 8. In his amended complaint, Plaintiff alleges that Defendant Helen Donatacci, a DOC counselor employed at the CBCC, violated his rights when she (1) wrote a false statement on a document that was meant for [a] corrections officer; (2) failed to work with him to complete school or a job; and (3) wrote illegal write-ups to pressure him and cause him undue stress for no reason. ECF No. 8, p. 3.

In his amended complaint, Plaintiff states that there is a prison grievance procedure available at the CBCC, that he filed a grievance relating to his complaint, but that the grievance process was not completed. ECF No. 8, p. 2. In response to the instant motion, Plaintiff filed a "Proof Issue," to which he attached a copy of his Level III Appeal of Grievance Log No. 1025052 dated January 31, 2011. The Level III Appeal states in relevant part:

> I WANT TO APPEAL: Let me rephrase this grievance #1025052 because it seems to me your [sic] missing the point of this grievance. On 11/23/10 Amsdill was given a document to fill out on inmate Jason Ver Valen #300656, but the H Unit Counselor Donatacci intercepted the form that was meant for C/O Amsdill, and wrote the statement herself and then ordered C/O Amsdill to turn [illegible] statement/document in knowing that it was forged. This is staff misconduct pursuant to RCW 72.1.060.
>
> SUGGESTED REMEDY: I would like Ms. Donatacci to be fired from her job ASAP.

REPORT AND RECOMMENDATION - 2

ECF No. 13, p. 2. The Level III response, dated March 8, 2011, is as follows:

> Due to numerous staffing changes, assignment changes, increases in workload and mandatory furlough days, many grievance investigations have been unavoidably delayed. We apologize for the delay and appreciate your patience.
>
> I reviewed your initial grievance as well as all appeals and responses.
>
> DOC Investigator Katelyn Daugherty also reviewed this grievance and provided this response:
>
> I reviewed your initial grievance regarding staff misconduct as well as all appeals and responses. The Level II response appropriately addressed your issue.
>
> There is nothing to support your allegation that staff acted inappropriately or unprofessionally. No information indicates that staff "forged" the document. The Level II response clearly explained the reason the date for your sick call was reflected as November 22, 2010 as opposed to November 20, 2010. This would have been the case regardless of who "intercepted" your request. Staff followed the policy and procedure in this case.
>
> I concur with the previous responses.

ECF No. 13, p. 2.

## STANDARDS OF REVIEW

**A.    Motion to Dismiss**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6), all factual allegations set forth in the complaint are "taken as true." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996). Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965.

**B.     Exhaustion of Remedies**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *Id*. at 741 n. 6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 90-93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *See Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune*, 315 F.3d

REPORT AND RECOMMENDATION - 4

1108, 1117-19 (9th Cir.2003). The defendants bear the burden of raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust - a procedure closely analogous to summary judgment - then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." *Id*. at 1120 n. 14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id*. at 1120. *See also Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

## DISCUSSION

Mr. Ver Valen signed his original complaint on January 18, 2011. ECF No. 1-1, p. 4. The complaint was received by the Court on January 20, 2011. Although the Complaint was formally filed on February 3, 2011, after Mr. Ver Valen was granted leave to proceed *in forma pauperis,* the date a document is provided by a pro se prisoner to prison authorities for mailing is treated as the date of filing for statute of limitations purposes. *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245, (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir.2009) ( *Houston* mailbox rule applies to Section 1983 complaints filed by pro se prisoners). Under the mailbox rule, January 18, 2011, the date Mr. Ver Valen signed his complaint (and the earliest date on which he could have provided the complaint to prison authorities for mailing) is the constructive filing date. Therefore, he brought this action, within the meaning of § 1997e(a),

on or before February 27, 2008. *See Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir.2006) (prisoner pro se complaint is "brought" under § 1997e(a) when the prisoner submits the complaint to the court despite gap in time between submission of complaint and filing necessitated by review of *in forma pauperis* application and review of complaint).

This principle, that the date of signing is accepted as the filing date, works to Mr. Ver Valen's disadvantage because it is undisputed that he did not complete the grievance process until after he brought this action. He signed the complaint on January 20, 2011 and appealed his grievance to the third and final level on January 31, 2011. ECF No. 13, p. 2 (attaching "the final grievance in the grievance process Log ID# 1025052".) A response to the Level III appeal was made approximately 36 days later, on March 8, 2011. Although there appears to have been a delay before prison authorities responded to the Level III appeal, Mr. Ver Valen did not submit the Level III appeal until after he filed his original complaint and the Level III appeal process was not completed until after he filed his amended complaint.[1]

The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that. *Vaden v. Summerhill,* 449 F.3d 1047, 1050 (9th Cir. 2006).

Because Mr. Van Valen did not exhaust available administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003). "Section 1997e (a) does

---

[1] Any claim that delay on the part of prison authorities in completing the Level III appeal is without merit as the grievance is clearly not a time sensitive one. *See, e.g., Brown v. Valoff,* 422 F.2d 926, 942 (9th Cir. 2005).

not say that exhaustion of administrative is required *before* a case may be decided. It says, rather, that '[n]o action *shall be brought* with respect to prison conditions ... until such administrative remedies as are available are exhausted.'" "Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." *McKinney,* 311 F.3d at 1200 (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (italics in original).

Furthermore, claims that are not exhausted must be dismissed and this Court lacks discretion to resolve those claims on the merits. See e.g., *McKinney*, 311 F.3d 1198.

## CONCLUSION

The undersigned recommends that Defendant Donnataci's motion to dismiss (ECF No. 12) be **GRANTED** and that Plaintiffs' claims against her be **dismissed without prejudice** for failure to exhaust.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 19, 2011**, as noted in the caption.


**DATED** this  25th  day of July, 2011.


Karen L. Strombom
United States Magistrate Judge


REPORT AND RECOMMENDATION - 7